CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dwain Lammey**,<br><br>     Plaintiff,<br><br>v.<br><br>**405 Florence, LLC,** a California Limited Liability Company; **Teresa P. Navarrete**; and Does 1-10,<br><br>     Defendants. | **Case No**. 2:19-cv-03924-PA-GJS<br><br>**Declaration of Russell C. Handy in support of Plaintiff's OSC Response re: Supplemental Jurisdiction** |

**RUSSELL C. HANDY DECLARES:**

1. I am licensed to practice law in the State of California and before this Court. I am an attorney with the Center for Disability Access and represent Plaintiff and, in that capacity, am familiar with the contents herein and if called and duly sworn, could competently testify to them.

2. Based on our own audit of our cases, neither our firm, nor any of the attorneys within the firm, would qualify as a high-frequency litigant as that term is defined by 425.55(b)(2) of the California Code of Civil Procedure.

3. While the Center for Disability Access—a for profit law firm—and its attorneys have represented as attorney of record 10 or more high-frequency litigant plaintiffs, as defined by California Civil Code section 425.55 subsection b paragraph 1, those cases almost uniformly result in settlement, favorable judgment, or other favorable result and, therefore, are excluded from the assessment.

4. For the cases that have been dismissed on the basis of mootness, i.e., where the requested ADA injunctive relief was obtained while the case was ongoing, these qualify as a "favorable result" and are, also, excluded from the assessment.

5. Within the last 12 months, we have suffered only a few losses on the merits. We have not, though, reached the threshold of suffering these losses for 10 high-frequency plaintiffs. We do not, therefore, meet the definition of a high-frequency litigation under CCP 425.55(b)(2).

6. I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge.

Dated: August 21, 2019         CENTER FOR DISABILITY ACCESS

                               By: /s/ Russell C. Handy
                               Russell C. Handy
                               Attorneys for Plaintiff